UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BELLFLOWER PROPERTIES, L.L.C.** | : | **CIVIL ACTION NO.** |
| **JEFFERY A. HENNIGAN and** | : | |
| **CAROLINE ELIZABETH HENNIGAN** | : | |
| | : | |
| **VERSUS** | : | **JUDGE** |
| | : | |
| **GARRISON PROPERTY AND** | : | **MAGISTRATE JUDGE** |
| **CASUALTY INSURANCE COMPANY** | : | |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Bellflower Properties, L.L.C., Jeffery A. Hennigan and Caroline Elizabeth Hennigan, who respectfully submit this Complaint for Damages against Defendant, Garrison Property and Casualty Insurance Company, and further respectfully aver as follows:

### PARTIES

**1.**

Plaintiff, Bellflower Properties, L.L.C., is a limited liability company organized under the laws of the State of Louisiana, who is authorized to do and is doing business in the Parish of Calcasieu, State of Louisiana. Plaintiffs, Jeffery A. Hennigan and Caroline Elizabeth Hennigan, are husband and wife and adult residents of Lake Charles, Louisiana. Bellflower Properties, L.L.C., Jeffery A. Hennigan and Caroline Elizabeth Hennigan are hereinafter collectively referred to as the "Plaintiffs").

**2.**

Made defendant herein is Garrison Property and Casualty Insurance Company ("Defendant"), a foreign insurance company domiciled in the State of Texas, which can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70801.

## VENUE AND JURISDICTION

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between Plaintiffs and Defendant and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; and the Property that is subject to the instant dispute is located in this judicial district.

## FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Plaintiff owned and operated the following commercial rental properties located at the following addresses: (i) 616 17th St, Lake Charles, LA 70601;  (ii) 709 Pryce St, Lake Charles, LA 70601; (iii) 830 11th St. Lake Charles, LA 70601; (iv) 1019 Mathew St, Sulphur, LA 70663; (v) 1820 Kennedy St, Lake Charles, LA 70601; (vi) 3108 Warren Ave, Lake Charles, LA 70601; (vii) 5837 Perry Ln. Lake Charles. LA 70605; (viii) 1007 Falls St. Lake Charles, LA 70601; (ix) 2209A Stanton St., Lake Charles, LA 70601; and (x) 2209B Stanton St.,

Lake Charles, LA 70601 (such rental properties being hereinafter referred to collectively as the "Insured Premises")

**6.**

At all times relevant hereto, Defendant provided Plaintiffs with policies of insurance, bearing the policy numbers referenced below (collectively, the "Policies"), covering each of the Insured Premises and personal property situated thereon against loss and damage caused by, among other perils, wind, hail, and water:

(i)     1019 Mathew St, Sulphur, LA 70663 - Policy No.: GAR 019571521 80a;

(ii)     2209B Stanton St., Lake Charles, LA 70601 - Policy No. GAR 019571521 80b.

(iii)     830 11th St, Lake Charles, LA 70601 - Policy No.: GAR 019571521 81a;

(iv)     616 17th St, Lake Charles, LA 70601 - Policy No.: GAR 019571521 82a;

(v)     1820 Kennedy St, Lake Charles, LA 70601 - Policy No.: GAR 019571521 83a;

(vi)     3108 Warren Ave, Lake Charles, LA 70601 - Policy No.: GAR 019571521 84a;

(vii)     1007 Falls St. Lake Charles, LA 70601 - Policy No.: GAR 019571521 85a;

(viii)     709 Pryce St, Lake Charles, LA 70601 - Policy No.: GAR 019571521 86a;

(ix)     5837 Perry Ln, Lake Charles, LA 70605 - Policy No.: GAR 019571521 88a; and

(x)     2209A Stanton St., Lake Charles, LA 70601 - Policy No.: GAR 019571521 89a;

**7.**

All of the above-referenced Polices were in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**8.**

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana as a Category 4 hurricane with sustained winds of 150 miles per hour.

**9.**

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 miles per hour.

**10.**

Only weeks later, on October 9, 2020, while the Policies were in full force and effect, the Insured Premises sustained additional damage because of Hurricane Delta, a category two hurricane, with winds of up to 100 mph.

**11.**

Devastating winds, wind-driven rain, and a life-threatening storm surge caused unimaginable damage as both hurricanes passed through Southwest Louisiana.

**12.**

Hurricanes Laura and Delta resulted in extensive damage and destruction throughout the Lake Charles and Southwest Louisiana areas, including the destruction of the power grid and devastating damage to thousands of structures.

**13.**

Hurricanes Laura and Delta caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the building, as well as to the structure

of the building. The storms also caused significant damage to Plaintiffs' business personal property located at the Insured Premises.

### 14.

In compliance with the Policies, Plaintiffs timely provided notice of the loss events to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

### 15.

The mandatory evacuation orders put in place in response to Hurricanes Laura and Delta caused an interruption in Plaintiffs' business operations.

### 16.

The damage to the Insured Premises as a result of the loss events has caused significant business interruption, particularly given the nature of Plaintiffs' business operations.

### 17.

The interruption of Plaintiffs' business operations has resulted in significant loss of business income and extra expense, which losses and expenses will continue to increase until such time that the repairs are completed and the business becomes fully operational. Plaintiffs, however, cannot complete the repairs and become fully operational until Defendant honors its obligations, and pays Plaintiffs the amounts owed under the Policies as a result of the covered loss events.

### 18.

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Insured Premises. Thereafter. Defendant. together with its loss consultants,

inspected the Insured Premises on several occasions and provided one or more loss estimates on the claim.

**19.**

Plaintiffs, in compliance with the terms of the Policies, cooperated with Defendant and its consultants and made the Insured Premises available for inspection at all times. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Premises.

**20.**

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by Hurricanes Laura and Delta. Defendant's delays in paying the amounts due under the Policies has delayed Plaintiffs from becoming fully operational.

**21.**

As a result of Defendant's delays and failure to pay the amounts due under the policy, Plaintiffs have had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**22.**

Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Plaintiffs' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**23.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Property as a result of Hurricane Laura and Hurricane Delta. Defendant failed to pay Plaintiffs the actual amount of the loss due under the Policies despite having satisfactory proof of loss for more than 60 days.

**24.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**25.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policies, Plaintiffs have continued to work with Defendant and their consultants to ensure compliance with Plaintiffs' duties under the Policies.

**26.**

Defendant's failure to timely pay benefits owed under the Policies has placed the Insured Premises at risk.

**27.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policies and has wrongfully or unfairly limited payment on the Plaintiffs' claims.

**28.**

As a result of the damage to the Insured Premises caused by Hurricanes Laura and Delta, Plaintiffs have sustained significant business losses and has incurred additional extra expenses.

**29.**

Because of Defendant's failure to timely compensate Plaintiffs for losses that are clearly covered and owed under the Policies, Plaintiffs have and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

**30.**

But for Defendant's wrongful conduct, Plaintiffs could have completed repairs and resumed its business operations well prior to the date that the repairs are ultimately completed.

**31.**

As a result of Garrison's bad faith conduct in connection with its adjustment of these claims, Plaintiffs have incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policies in connection with Plaintiffs' claims.

**32.**

Defendant's acts and omissions in failing to pay Plaintiffs the actual amounts owed under the Policies within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**33.**

As a result of Defendant failure and delays to timely adjust and pay the loss amounts due under the Policies in response to the damage caused by Hurricanes Laura and Delta, Plaintiffs have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with their completion of the repairs.

## CAUSES OF ACTION AND DAMAGES

**A.     The Insurance Policy.**

### 34.

Defendant owed Plaintiffs a duty of good faith and fair dealing, and a duty to pay losses within thirty (30) and sixty (60) days of proof of loss under La. R.S. 22:1892 and La. R.S. 22:1973.

### 35.

The damages to the Insured Premises and their other structures greatly exceed the amounts estimated and paid by Defendant.

### 36.

Under the language of their Policies, Plaintiffs are entitled to recover from Defendant for the additional sums needed to make full repairs to the Insured Premises in accordance with the insurance coverages Plaintiffs purchased from Defendant.

### 37.

Plaintiffs are also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the contents of the Insured Premises, for debris removal, and for additional living expenses in accordance with the insurance coverages Plaintiffs purchased from Defendant.

### 38.

Defendant breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the Policy.

**B.     Penalties And Attorney's Fees.**

**39.**

Pursuant to Louisiana Revised Statute 22:1892, Defendant was required to unconditionally tender payment to Plaintiffs for reasonably undisputed losses caused by Hurricanes Laura and Hurricane Delta within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Insured Premises. Defendant failed to do so.

**40.**

La. R.S. 22:1892 further required Defendant to re-evaluate Plaintiffs' claims and to tender additional unconditional payments to Plaintiffs each time Defendant received additional information concerning the losses sustained by Plaintiffs. Defendant failed to do so.

**41.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**42.**

Pursuant to La. R.S. 22:1892, Defendant is liable to Plaintiffs for a penalty of 50%, in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs, for Defendant' failure to unconditionally tender the amounts owed to Plaintiffs within 30 days after receipt of satisfactory proof of loss.

**43.**

Pursuant to La. R.S. 22:1973, Defendant is additionally liable to Plaintiffs for actual damages, including but not limited to mental anguish, aggravation, and inconvenience for Defendant's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and

its provisions under the Policies, as well as for failing to unconditionally tender the amounts owed to Plaintiffs within 60 days after receipt of satisfactory proof of loss was arbitrary, capricious and without probable cause.

44.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Plaintiffs for a penalty of the up to two times the actual damages Plaintiffs sustained or five thousand dollars, whichever is greater.

**DAMAGES**

45.

As a result of the actions of Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

    a.    Damage to the building and other structures located at the Insured Premises;

    b.    Mitigation, remediation and repair costs;

    c.    Diminution in value;

    d.    Lost and/or damaged personal property;

    e.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

    f.    Business income losses and extra expenses;

    g.    Loss of economic opportunities;

    h.    Mental anguish, consequential damages, and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

    i.    Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual

and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

j.    Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## REQUEST FOR RELIEF

50.

**WHEREFORE**, Plaintiffs, Bellflower Properties, L.L.C., Jeffery A. Hennigan and Caroline Elizabeth Hennigan, respectfully pray that, after due proceedings, there be a judgment rendered herein in Plaintiffs' favor and against Defendant, Garrison Property And Casualty Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiffs in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, LLC**

Date: __August 27, 2021_____    BY:    _/s/ Matthew M. Mize_____
**MATTHEW M. MIZE**, La. Bar No. 33993
**MATTHEW B. PETTAWAY**, La. Bar No. 33313
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA  70602
Telephone:    (337) 433-0234
Fax:             (337) 433-8595
Email:         mbp@rmwlegal.com
                   mmm@rmwlegal.com

and

**PANDIT LAW FIRM, LLC**

BY:    _/s/ Rajan Pandit_____
**RAJAN PANDIT**, Bar No.32215
**JESSIE B. CALLAHAN**, Bar No. 38153
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:    (504) 313-3800
Facsimile:     (504) 313-3820
Email:         rpandit@panditlaw.com
                   jcallahan@panditlaw.com

***Counsel for Plaintiffs***

**PLEASE SERVE:**
GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809